Rtnnmr, J.
 

 The Court conceives that his Honor put an erroneous construction on the act of 1850, and that a comparison of the several acts on this subject will make it apparent.
 

 In 1825, a literary fund was constituted for the support of common schools, consisting, among other things, “ of all the vacant and unappropriated swamp lands in this State, and all the "estates were vested in a corporation thereby created;” Rev. Stat. ch. 66. In 1836, Rev. Stat. ch. 67, the board was recognized under the name of the “ President and Directors of the Literary Fund of Hortli Carolina,” and constituted of the Governor, and three members to be appointed by the Governor, with the advice of the Council of State; and, by the third section, all the swamp land in the State, not before entered or granted to individuals, was vested in the corporation, in trust, as a public fund for the establishment of common schools. The act then gives directions as to the mode of draining, improving and selling the land; and in the 10th section, it enacts, that all grants and deeds for swamp lands, before made, should be proved, and registered in the county where the land lies, within twelve months, and that every one not so registered, should be void, and the land revert to the State. In 1842, in “ an act concerning the swamp land,” ch. 36, it was enacted that all such lands, before granted,
 
 *200
 
 should revert to, and be vested in, the State, unless the grantee, his heirs or assigns should, within twelve months thereafter, pay to the Sheriff of the county in which the lands lie, all arrearages of taxes due on the lands; and, in the second section, it is further enacted, “ that all the swamp lands to which the State is now entitled, or to which the State shall become hereafter entitled, under the provisions of this act, or otherwise, shall he and are vested in the President and Directors of the Literary Fund of Forth Carolina, in trust,” &c. Then comes the act of 1850. It is entitled an act declaratory of the meaning of the 10th sec. of the 07th chapter of the Revised Statutes, and to amend an act “entitled” “an act concerning swamp lands, and for other purposes;” and in the first section, it declares that so much of the 10th section of the Revised Statutes, ch.
 
 67,
 
 as makes grants and deeds for swamp lands void for want of registration in twelve months, and the lands revert to the State for that reason, shall be construed to be applicable only to the swamp lands which had been surveyed or taken possession of by the Literary Hoard ; and it then proceeds to enact, further, that the first and second sections of the act of 1842, “ shall be held and construed to be applicable to those swamp lands only which have been surveyed or taken possession of by the Hoard.”
 

 The construction placed upon the last act, in the Superior court, is, that it divested the Literary Hoard of all the swamp lands, except such as the Board had before entered into, or taken into possession. The opinion of the Court is to the contrary. The acts of 1825 and 1836 contain full grants of all the swamp lands that had not been before granted or entered. That constitutes the general and larger title of the .Board, and, we think, is still in full force. The 10th section of the act of 1836, had a further provision — that all swamp lands, which had been before granted, should revert to the State, unless the patents should be registered within twelve months. Of those granted lands thus reverting, there is no express transfer to the Board, though no doubt it was so intended, and probably that would be the proper construction of the
 
 *201
 
 whole act taken together, and in connection with the act of 1850. If it be so, it is manifest that would be a distinct grant of land in a peculiar condition — that of having been before granted and forfeited. In respect to that part of the act of 1836, the act of 1850, in its first section, has the provision that the 10th section confined, as we have seen, to reverted granted land, shall he applicable only to the swamp land which had been taken possession of by the Board. Row, it is manifest, that this provision does not relate to any swamp land but that specified in the 10th section of the act of 1836, namely, granted land reverting for the want of registration of the grants, because that provision is limited to a declaration of the meaning of the 10th section of the act of 1836, and embraces nothing else. Therefore, that part of the act of 1850, does not affect this case at all, since it does not appear that the premises were ever granted before.
 

 As to the other branch of the case, which arises out of the act of 1842, that also refers, exclusively, in the first section, to land before granted, and enacts that, unless the present claimants shall, within twelve months, pay all arrearages of taxes due thereon, as listed or unlisted laud, they also shall be forfeited and vested in the State; and then, in the second section, it transfers to the Board all the swamp land to which the State was then entitled, or might become entitled,
 
 under the provisions of that
 
 act, or otherwise. The first class, that is, lands to which the State was then entitled, might include the lands reverting since the act of 1836, under the 10th section of the law of that year. That is the natural construction, since there was no other lands on which, the words could'operate, as all the vacant swamps were before vested in the Board by the acts of 1825, and the general enactment in the 3rd section of the act of 1836. But suppose them to have a wider meaning — it is obvious that they must have been inserted out of abundant caution — and they cannot impair the prior general grant in the previous acts. Then the next clause merely adds to the estates'of the Board, all the swamp lands, that might be forfeited for non-payment of taxes, or that the Stafe
 
 *202
 
 might, in any way, acquire afterwards. ITence it follows, as in the proceeding case, that the second section of the act of 1850, in declaring that the first and second sections of the act of 1842, should apply only to those lands which the Board had surveyed and taken into possession, must mean
 
 “
 
 such lands,” that is, the land which had reverted for the non-payment of taxes; and as to land in that situation, the Board is restricted to those parcels which it had taken into possession or surveyed.
 

 The conclusion is, that the general grant of the swamp land is still in full force, and therefore that the grant to the plaintiff is invalid.
 

 Pjeb CüRiam, Judgment reversed, and a
 
 venvre de novo.